**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

FILED

02 DEC 17 PM 3:54

U.S. ... ... ...
N.D. OF ALABAMA

JAMES R. ROGERS,                    )
                                    )
    Plaintiff,                      )
                                    )
vs.                                 )     Civil Action No. CV-01-S-2964-S
                                    )
SERVICE CORPORATION                 )     **ENTERED**
INTERNATIONAL,                      )
                                    )     DEC 1 7 2002
    Defendant.                      )

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

**MEMORANDUM OPINION**

Plaintiff, James R. ("Jimmy") Rogers, alleges that his former employer discriminated against him because of his age when it did not select him to fill a vacant management position, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* The action now is before the court on defendant's motion for summary judgment, and, a motion to strike paragraphs 4, 9, and 15 of the affidavit of Diana Croft, submitted by plaintiff in response to defendant's motion for summary judgment.

Federal Rule of Civil Procedure 56(c) provides, in part, that summary judgment not only is proper, but that it "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

50

In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment.

The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)); *see also United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc).

Upon consideration of the pleadings, evidentiary submissions, and briefs, the court concludes that defendant's motion for summary judgment should be denied. Defendant's motion to strike also is due to be denied.

## I. SUMMARY OF FACTS

Defendant, Service Corporation International, is a Texas corporation which manages funeral homes and cemeteries around the world.[1] Plaintiff worked in the funeral home and cemetery industry as a salesman and sales manager for over thirty years.[2] In the aggregate, he was employed by defendant for twelve of those years.[3] (Plaintiff changed employers on a regular basis during the 1990's.[4]) His most recent stint of employment with defendant began during April of 2000, when plaintiff's then-employer, Memorial Operations Company, was acquired by defendant.[5] Following defendant's takeover, plaintiff was once again employed by defendant — this time as a sales

---

[1] Complaint ¶ 5; plaintiff's evidentiary submissions, Tab G (March deposition), at 9.

[2] Complaint ¶ 11.

[3] *Id.* ¶ 12.

[4] Plaintiff's evidentiary submissions, Tab P (Rogers resume).

[5] Plaintiff's brief opposing summary judgment, at 2.

manager in Tupelo, Mississippi.[6]

In December of 2000, an area sales director position became available in Birmingham, Alabama.[7]  Mike Shipley, defendant's vice president of sales for the Southern region, was responsible for selecting an individual to fill this vacancy.[8]  Plaintiff and another management employee, Rick Davis, who was an area sales director in Tuscaloosa, Alabama, interviewed for the position.[9]  Shipley chose Davis to fill the vacancy.[10]  Plaintiff asserts that Davis was selected because he is significantly younger.[11]  At the time of the interviews, plaintiff was sixty-two years of age, and Davis was forty-three years old.[12]

On January 8, 2001, plaintiff wrote a letter to Ken March, defendant's managing director for North American sales,[13] complaining that his non-selection for the Birmingham area sales director position constituted age discrimination.[14]  Plaintiff then mailed March and other management officials a letter of resignation dated February 1, 2001, giving two weeks notice that he was resigning his employment.[15]  Cindi Branch, defendant's vice president of human resources, responded to both of plaintiff's letters on February 12, 2001, informing him that she had conducted an investigation of his age discrimination claim, but had found no evidence to substantiate it.[16]

---

[6] Plaintiff's evidentiary submissions, Tab A (Rogers deposition), at 165.

[7] *Id.* at 26-27.

[8] *Id.* at 75.

[9] *Id.*

[10] *Id.*

[11] *Id.* at 23.

[12] Plaintiff's evidentiary submissions, Tab B (Davis deposition), at 61; plaintiff's brief opposing summary judgment, at 3.

[13] Plaintiff's evidentiary submissions, Tab G (March deposition), at 10-11.

[14] *Id.*, Tab A (Rogers deposition), at Exhibit 1 (Rogers letter Jan. 8, 2001).

[15] *Id.*, Tab A (Rogers deposition), at Exhibit 3 (Rogers letter Feb. 1, 2001).

[16] *Id.*, Tab A (Rogers deposition), at Exhibit 2 (Branch letter Feb. 12, 2001).

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on May 23, 2001.[17]  The EEOC was unable to determine that defendant had violated federal law and, on August 31, 2001, issued a letter dismissing plaintiff's charge and apprising him of his right to pursue his claim in federal court.[18]  Plaintiff exercised that right when he filed the present suit on November 20, 2001.[19]

## II. DISCUSSION

Plaintiff advances a single claim — that he was not selected for the Birmingham area sales director position because of his age, in violation of the Age Discrimination in Employment Act ("ADEA").  In ADEA cases, the plaintiff has the ultimate burden of proving that age was a determinative factor in the employer's adverse employment decision.

> When a plaintiff alleges disparate treatment, "liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610, 113 S. Ct. 1701, 123 L. Ed. 2d 338 (1993).  That is, the plaintiff's age must have "actually played a role in [the employer's decisionmaking] process and had *a determinative influence* on the outcome." *Ibid.* . . .

*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141, 120 S. Ct. 2097, 2105, 147 L. Ed. 2d 105 (2000) (alteration in original) (emphasis supplied).

There are three methods by which a plaintiff may prove an employer's intention to discriminate on the basis of age:  "by direct evidence of discriminatory intent; by meeting the test originally set out for Title VII cases in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); or by statistical proof of a pattern of discrimination." *Verbraeken v. Westinghouse Electric Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989); *see also, e.g., Alphin v.*

---

[17] Plaintiff's motion to supplement complaint (doc. nos. 5 & 6), at Exhibit A (Rogers EEOC charge).

[18] *Id.* at Exhibit B (Rogers right-to-sue letter).

[19] Complaint.

*Sears, Roebuck & Company*, 940 F.2d 1497, 1500 (11th Cir. 1991); *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 (11th Cir. 1987).[20]

Here, plaintiff proffers direct evidence to support his claim. Direct evidence is generally defined as evidence which, if believed, proves the existence of a fact in issue without the need of an inference or presumption. *See, e.g., Bass v. Board of County Commissioners*, 256 F.3d 1095, 1111 (11th Cir. 2001) (the term "direct evidence," when used in the context of Title VII race discrimination claim, "refers to a type of evidence which, if true, would require no inferential leap in order for a court to find discrimination"); *Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 642 (11th Cir. 1998) ("Direct evidence, by definition, is evidence that does not require . . . an inferential leap between fact and conclusion."); *Burrell v. Board of Trustees of Georgia Military College*, 125 F.3d 1390, 1393 (11th Cir. 1997) (defining direct evidence of discrimination as evidence which, "if believed, proves [the] existence of [a] fact in issue without inference or presumption").

In the context of employment discrimination cases, direct evidence of an employer's intent to discriminate on the basis of some prohibited characteristic is more specifically defined as "evidence which reflects 'a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee.'" *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999) (quoting *Carter*, 132 F.3d at 641 (in turn quoting *Caban-Wheeler v. Elsea*, 904 F.2d 1549, 1555 (11th Cir. 1990)). As such, "direct evidence of discrimination is powerful evidence capable of making out a prima facie case essentially by itself." *Jones v. Bessemer Carraway Medical Center*, 151 F.3d 1321, 1323 n.11 (11th Cir. 1998) (per

---

[20] "Only the most blatant remarks, whose intent could only be to discriminate on the basis of age constitute direct evidence." *Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1226 (11th Cir. 1992).

curiam).

Eleventh Circuit precedent clearly establishes that only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of some impermissible characteristic, will be deemed to constitute direct evidence of discrimination. *See, e.g., Damon*, 196 F.3d at 1358-59; *Schoenfeld v. Babbitt*, 168 F.3d 1257, 1266 (11th Cir. 1999); *Earley v. Champion International Corp.*, 907 F.2d 1077, 1081-82 (11th Cir. 1990); *Carter*, 870 F.2d at 582. "If an alleged statement at best merely suggests a discriminatory motive, then it is by definition only circumstantial evidence." *Schoenfeld*, 168 F.3d at 1266 (citing *Burrell*, 125 F.3d at 1393). "An example of "direct evidence would be a management memorandum saying, 'Fire Earley — he is too old.'" *Damon*, 196 F.3d at 1359 (quoting *Earley*, 907 F.2d at 1082).

Two additional points must be emphasized. First, "stray remarks in the workplace . . . cannot justify requiring the employer to prove that its hiring or promotion decisions were based on legitimate criteria." *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277, 109 S. Ct. 1775, 1804-05, 104 L. Ed. 2d 268 (1989) (O'Connor, J., concurring).

Second, "statements made by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process itself," do not constitute direct evidence of discriminatory intent. *Id.; see also Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998) (same). "For statements of discriminatory intent to constitute direct evidence of discrimination, *they must be made by a person involved in the challenged decision*." *Trotter v. Board of Trustees of the University of Alabama*, 91 F.3d 1449, 1453-54 (11th Cir. 1996) (emphasis supplied); *Berman v. Orkin Exterminating Co., Inc.*, 160 F.3d 697, 701 (11th Cir. 1998) ("A statement by a person who played no part in the adverse personnel decision is not direct evidence of discrimination.") (citing *Mauter*

*v. The Hardy Corp.*, 825 F.2d 1554, 1557 (11th Cir. 1987)); *Eiland v. Trinity Hospital*, 150 F.3d 747, 751-52 (7th Cir. 1998) (rejecting plaintiff's attempts at imputing racial animus of co-worker to decisionmaker).

In summary, "[t]o amount to direct evidence, a statement must:  (1) be made by a decisionmaker; (2) specifically relate to the challenged employment decision; and (3) reveal blatant discriminatory animus." *Chambers v. Walt Disney World Co.*, 132 F. Supp. 2d 1356, 1364 (M.D. Fla. 2001).

Plaintiff's direct evidence consists of a series of statements made by Mike Shipley to plaintiff and Diana Croft. At the time of such statements, Ms. Croft was an area sales director in defendant's Birmingham office.  Croft's affidavit relates the following:

> 3.     In April, 2000, when [defendant] purchased MOC [plaintiff's employer prior to April of 2000], I know that the Plaintiff Jimmy Rogers was seeking a position in Birmingham.

> 4.      Mike Shipley had a meeting with Jimmy Rogers and myself at which time he stated Mr. Rogers did not have the "piss and vinegar" *of the younger guys* and that he would not hire him.
> . . . .

> 9.     In fact, the only reason [Shipley] told me he did not want Jimmy Rogers working for him is that *Jimmy was too old.*

> . . . .

> 15.     Finally, in April, 2000, when Mike Shipley made the "piss and vinegar" comment to me, he also stated that he would never actually hire Jimmy Rogers for a position in Birmingham.[21]

Defendant moves to strike paragraphs 4, 9, and 15 of the Croft affidavit, on the grounds that the statements constitute "inadmissible hearsay for which no exception applies"; and, further, that

---

[21] Plaintiff's evidentiary submissions, Tab K (Croft affidavit), ¶¶ 3, 4, 9, 15 (emphasis added).

these statements "cannot be based upon Diana Croft's own personal knowledge."[22]  This court disagrees with both arguments.

The statements that Croft attributes to Shipley are not hearsay.  Rather, they are admissions of a party-opponent, which are specifically defined by Federal Rule of Evidence 801(d)(2) as "not hearsay."  In pertinent part, Rule 801(d)(2) provides that a statement is not hearsay if:

> The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of agency or employment, made during the existence of the relationship . . . .

Fed. R. Evid. 801(d)(2).  Shipley's statements fall squarely within the scope of subsection (d)(2)(D), and, thus, they are admissible.

Defendant further argues that the disputed portions of the Croft affidavit should be struck because they "contain[] information that cannot be based upon Diana Croft's own personal knowledge."  Croft has attested, however, under penalty of perjury, that she personally observed and heard Shipley utter all three of the disputed statements.  Thus, defendant's argument questions the credibility of the affiant.  Such credibility determinations are reserved for the trier of fact.  *See United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (at summary judgment, the court may not weigh the evidence nor make credibility determinations; rather, "the evidence of the non-movant is to be believed") (internal quotation marks and citation omitted).  Accordingly, defendant's motion to strike is due to be overruled.

Shipley's comments clearly evince, without need for inference, an intent to discriminate against plaintiff in the promotional process because of his age.  Further, the record reflects that

---

[22] Defendant's motion to strike, at 1.

Shipley was the decisionmaker as to the filling of the area sales director position in Birmingham. Accordingly, plaintiff has set forth direct evidence in support of his claim. *See, e.g., Trotter v. Board of Trustees of the University of Alabama*, 91 F.3d 1449, 1453-54 (11th Cir. 1996); *Chambers v. Walt Disney World Co.*, 132 F. Supp. 2d 1356, 1364 (M.D. Fla. 2001). In light of such direct evidence, "the burden shifts to the employer to show that the decision would have been the same absent discrimination." *Eskra v. Provident Life and Accident Insurance Co.*, 125 F.3d 1406, 1411 (11th Cir. 1997) (citing *Haynes v. W.C. Caye & Co.*, 52 F.3d 928, 931 (11th Cir. 1995). Defendant has not addressed, much less proven, that it has met such burden here.

### III. CONCLUSION

Plaintiff has presented direct evidence of a discriminatory animus on the part of the person making the employment decision at issue in this case. In light of that direct evidence, defendant's motion for summary judgment is due to be denied. An order consistent with this memorandum opinion shall be issued contemporaneously herewith.

DONE this ___17th___ day of December, 2002.

_____
United States District Judge